FILED
 2010 Jan-27  PM 04:03
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROGER AARON and RICHARD ESTIS,   ] | ] |
| Plaintiffs, ] | ] |
| vs. ] | 7:09-cv-00641 |
| ARVINMERITOR, INC. and ARVINMERITOR, INC. SEPARATION PAY PLAN, ] | ] |
| Defendants. ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion to dismiss filed by Defendant ArvinMeritor, Inc. ("ArvinMeritor") on October 27, 2009.  (Doc. 18.) Plaintiffs Robert Aaron and Richard Estis ("Plaintiffs") sued Defendants, alleging violations of the Employee Retirement Income Security Act ("ERISA") and breach of contract under Alabama law.  (Docs. 1 & 15.) Included in the damages claimed by Plaintiffs for the alleged breach of contract are damages for mental anguish.  (Doc. 15.)  ArvinMeritor moves to

dismiss the claim for mental anguish damages on the ground that such claim is precluded under Alabama law.  The issues raised in Defendant's motion have been fully briefed by all parties and are now ripe for decision.  Upon due consideration and for the reasons stated herein, the motion to dismiss will be denied.

II.   Facts.[1]

Plaintiffs were employed at the ArvinMeritor plant in Fayette, Alabama.  When the plant closed in June 2002, most employees were offered a separation pay package based on their years of service.  However, a small group of employees were asked to stay with ArvinMeritor after the plant's closing.  As an inducement for these employees to remain with the company, they were promised that they would remain entitled to a separation pay package of one year's salary with payment deferred until employment terminated at a future date.  Further, they were promised a retention bonus of at least five weeks of pay should they be involuntarily separated from ArvinMeritor.

---

[1] For the purposes of this opinion, the facts are accepted as alleged in the complaint.  Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

Plaintiffs were among those employees asked to remain with the company. However, Plaintiffs' continued employment with ArvinMeritor would require them to travel away from their families for most of every week. ArvinMeritor promised Plaintiffs that they would be entitled to the above-outlined separation benefits upon their termination or in the event that they desired to resign employment due to the travel required.

Between January 2003 and October 2005, six ArvinMeritor employees resigned or were terminated, and all received a separation package commensurate with the promises made by ArvinMeritor in 2002. In March 2007, Plaintiffs requested their separation pay package and any other benefits to which they might be entitled, including the bonus of five weeks pay. ArvinMeritor refused Plaintiffs' request, explaining that separation pay would only be offered to employees whose positions were eliminated, not to those who desired to resign because of "uncertainty and dissatisfaction." Plaintiffs were thus forced to continue employment with ArvinMeritor and to travel away from their families.

III.    Standard.

A defendant may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2]  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

---

[2]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*.  *See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

IV.   Analysis.

ArvinMeritor contends that Plaintiffs' claim to damages for mental anguish due to ArvinMeritor's alleged breach of contract (Count IV, Doc. 18)

is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ArvinMeritor bases its contention on the "general rule" under Alabama law that "mental anguish is not a recoverable element of actual damages growing out of a breach of contract." *Sanford v. Western Life Ins. Co.*, 368 So. 2d 260, 264 (Ala. 1979); *see also Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1359 (11th Cir. 2000).

In the past, Alabama courts have recognized several exceptions to the general rule against mental anguish damages in breach-of-contract cases. In *Ruiz de Molina,* the Eleventh Circuit listed several of these exceptions: contracts for the sale, repair, or construction of a home or delivery of utilities to a home, where the breach affects habitability; contracts involving the burial of loved ones; contracts to deliver a child; and contracts to warranty a new car where the owner suffers significant fear, anxiety, and embarrassment. *Ruiz de Molina,* 207 F.3d at 1359; *see also Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 69 (Ala. 2001) (listing same exceptions except contracts involving burial, and adding contracts of carriage).

ArvinMeritor argues that because the employment contract at issue in the present case does not fall under one of these recognized exceptions, dismissal of Plaintiffs' mental anguish damages claim is appropriate. However, Plaintiffs correctly point out that the exceptions listed in both *Ruiz de Molina* and *Bowers* are stated to illustrate a more general rule: that "where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, it is just that damages therefor be taken into consideration and awarded." *F. Becker Asphaltum Roofing Co. v. Murphy*, 141 So. 630, 631 (Ala. 1932) (citations omitted). Of the exceptions that thus far have been recognized, the Eleventh Circuit stated, "These cases deserve special treatment because it is highly foreseeable that egregious breaches of certain contracts–involving one's home or deceased loved one, for example–will result in significant emotional distress." *Ruiz de Molina*, 207 F.3d at 1359-60. It is clear that to determine whether an exception exists the Court must ask whether the contract is "so coupled with matters of mental concern or solicitude" that mental anguish is "highly foreseeable."

That a factual scenario akin to the one here has not yet come before the Alabama courts and been adjudged an appropriate exception is not dispositive.

Indeed, the Supreme Court of Alabama has been anything but clear that an exception to the general rule prohibiting mental anguish damages in breach-of-contract cases may never be recognized in the context of employment contracts.[3]  In *Carraway v. Wise*, 986 So. 2d 387 (Ala. 2007), a general counsel who had been terminated, allegedly in breach of an employment contract, sought mental anguish damages from his former company.  Although the Supreme Court of Alabama noted that it had never affirmed an award of mental anguish damages in an employment setting where the breach-of-contract issue had been properly preserved and decided in favor of the employee on appeal, *id.* at 398 n.7, it evaluated the evidence in concluding that an exception allowing damages for mental anguish was not appropriate in this particular case.  Noting that as general

---

[3]Indeed, the Supreme Court of Alabama has actually upheld a jury award of mental anguish damages in an employment contract context. *See Birmingham-Jefferson County Transit Authority v. Arvan*, 669 So. 2d 825, 829 (Ala. 1995).  However, in that case there was no objection to the jury instruction allowing damages for mental anguish. *Id.*

counsel Wise was well-apprised of the financial crises faced by his employer, and "[b]ased upon all the facts and circumstances presented here," the court did not "consider this to be 'the case' in which we should recognize the availability of mental-anguish damages arising out of the breach of an employment contract." *Id.* at 400.

Clearly the *Carraway* court did not apply a simple, bright-line rule, *i.e.* if an employment contract was breached, there can be no mental anguish damages. Rather, the court considered the facts specific to the case and determined that under the well-established foreseeability standard, Wise was not entitled to damages for mental anguish. Plaintiffs allege that ArvinMeritor guaranteed them separation pay in part to compensate for the time they would spend working away from their families, and assured them separation benefits should they choose to resign because of the difficult circumstances imposed by constant travel. Taking the facts as alleged in the complaint, it cannot be said definitively that the employment contracts at issue here were not "so coupled with matters of mental concern or solicitude...that a breach of that duty will necessarily or reasonably result in mental anguish or suffering." *F. Becker*, 141 So. at 631.

This is not to say that Plaintiffs do not face an uphill battle in establishing facts that would show that their alleged contracts with ArvinMeritor fall within that "narrow range of cases involving contracts which create especially sensitive duties, the breach of which cause highly foreseeable and significant mental anguish." *Ruiz de Molina*, 207 F.3d at 1361. The Alabama Supreme Court has been clear that it is "not eager to 'widen the breach in the general rule'" prohibiting mental anguish damages in breach-of-contract cases. *Ruiz de Molina*, 207 F.3d at 1360, *quoting Volkswagen of America, Inc. v. Dillard*, 579 So. 2d 1301, 1304 (Ala. 1991). However, dismissal of Plaintiffs' claim for mental anguish damages before the factual record has been developed through discovery would be hasty and unwarranted. Only upon a thorough consideration of the evidence can it be determined whether Plaintiffs' alleged mental anguish was so "highly foreseeable" as to merit an exception to the general rule.

V.  Conclusion.

For the reasons stated above, ArvinMeritor's motion to dismiss will be denied. A separate order will be entered.

Done this <u>27th</u> day of <u>January 2010</u>.

                                                       _____
                                                              L. SCOTT COOGLER
                                         UNITED STATES DISTRICT JUDGE